# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| KEVIN HARDAWAY, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | 1:23-CV-99 (LAG) |
| : | |
| COMMISSIONER TIMOTHY C. WARD, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER AND RECOMMENDATION

On November 6, 2023, Plaintiff, proceeding *pro se*, filed two motions. (Docs. 10 and 11). In his first motion, Plaintiff requests leave to proceed *in forma pauperis*. (Doc. 10). In his second motion, Plaintiff makes two requests. First, Plaintiff requests "extra time…in filing of papers back to court." (Doc. 11). Second, Plaintiff requests the Court issue an order guaranteeing him access to the law library at Coastal State Prison ("CSP") three days a week for six months. *Id.*

### *Motion for Leave to Proceed in forma pauperis*

On October 2, 2023, this Court entered an Order granting Plaintiff permission to proceed *in forma pauperis.* (Doc. 9). Because Plaintiff has already been granted leave, Plaintiff's newest Motion for Leave to Proceed *in forma pauperis* (Doc. 10) is found to be **MOOT**.

### *Motion for Extension of Time*

Plaintiff's Motion does not specifically identify what deadline he is seeking to have extended. However, Plaintiff was recently subject to a deadline to file an objection to this Court's Report and Recommendation ("the R&R") (Doc. 9). Accordingly, the Court construes Plaintiff's Motion as a request for additional time to file such an objection.

Plaintiff was instructed to file any objections to the R&R within 14 days of being served

with the R&R. (Doc. 9 at 19). The docket reflects that a copy of the R&R was mailed to Plaintiff on October 3, 2023. Plaintiff effectively filed this Motion for Extension of Time on October 25, 2023. Plaintiff's Motion indicates he previously attempted to request an extension of time on October 10, 2023, (Doc. 11), although such a motion does not appear on the docket. Given the ambiguity of the timeliness of this Motion, and the Plaintiff's allegation that he attempted to make a timely request for an extension, the Court finds it appropriate to grant Plaintiff additional time to object to the R&R.

Therefore, Plaintiff's request for extension of time is hereby **GRANTED**. Any objection Plaintiff wants to file to the R&R (Doc. 9) is due no later than November 24, 2023.

*Motion for Access to Law Library*

The Court interprets[1] Plaintiff's request for an order allowing him law library access as a motion for injunctive relief. A plaintiff is not entitled to a preliminary injunction unless he establishes four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations and quotations omitted). A failure to demonstrate a "substantial likelihood of success on the merits" may defeat a motion for a preliminary injunction, regardless of the movant's ability to establish the other prerequisites. *Church v. City of Huntsville*, 30 F.3d

---

[1] The Court will apply the deferential standard applicable to *pro se* litigants and will construe Plaintiff's filing in order to do substantial justice. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); Fed. R. Civ. Pro. 8(f)).

1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

The United States Supreme Court has held that a prisoner has no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An "inmate cannot establish relevant actual injury simply by establishing that his prison's law library . . . is subpar in some theoretical sense." *Id*. Rather, the inmate "must go one step further and demonstrate" an "actual-injury" because of "the alleged shortcomings in the library[.]" *Id.* at 351-52. Further, as to the potential harm to a prison official defendant, the courts must afford prison officials deference in their day-to-day administration. *See Preiser v. Rodriquez*, 411 U.S. 475, 491-92 (1973).

Here, Plaintiff does not allege that he has been prohibited from using the CSP law library. Rather, Plaintiff seeks to guarantee a specific amount of time in the law library. Additionally, Plaintiff's Complaint contains legal citations, suggesting that he presently has access to legal materials (Doc. 1 at 9-10). The Court finds that Plaintiff has not shown either a substantial likelihood of success on the merits, or a substantial likelihood of irreparable injury. Therefore, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 11) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing

3

to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

    **SO ORDERED AND RECOMMENDED**, this 8th day November, 2023.

                                                                     s/ ***THOMAS Q. LANGSTAFF***
                                                                       UNITED STATES MAGISTRATE JUDGE